United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 13, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 04-41583
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS MARTINEZ-COVARRUBIAS,

Defendant-Appellant.

---
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-940-ALL
---

Before KING, DeMOSS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Carlos Martinez-Covarrubias ("Martinez") appeals his guilty-plea conviction and 41-month sentence for illegal reentry after deportation, a violation of 8 U.S.C. § 1326. Martinez's constitutional challenge to 8 U.S.C. § 1326 is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Martinez contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Martinez properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review. Accordingly, Martinez's conviction is AFFIRMED.

Martinez contends that his sentence must be vacated because he was sentenced pursuant to the mandatory Sentencing Guidelines regime that was held unconstitutional in United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005). He asserts that the error in his case is reversible because the error is structural and not subject to harmless error analysis. As Martinez concedes, we have previously rejected this argument. See United States v. Walters, 418 F.3d 461, 463 (5th Cir. 2005).

In the alternative, Martinez contends that the Government cannot show that the sentencing error was harmless. We review Martinez's preserved challenge to his sentence for harmless error under FED. R. CRIM. P. 52(a). Walters, 418 F.3d at 463. Martinez was sentenced at the bottom of the applicable Sentencing Guidelines range, and the Government has not shown that the district court would not have sentenced Martinez differently under an advisory Guidelines system. See United States v. Garza, 429 F.3d 165, 170-71 (5th Cir. 2005). Accordingly, Martinez's sentence is VACATED, and his case is REMANDED for further

proceedings consistent with this opinion.  Because we are vacating the sentence imposed, we do not reach Martinez's argument that the district court erred in enhancing his offense level by 16 levels pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii). See United States v. Akpan, 407 F.3d 360, 377 n.62 (5th Cir. 2005).

AFFIRMED IN PART; VACATED IN PART; REMANDED.